UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| ANTHONY RYANS, | : | |
| Movant, | : | CIVIL NO. 3:16-CV-1532 |
| v. | : | [Criminal No. 3:14-305-08] |
| UNITED STATES OF AMERICA, | : | (Judge Kosik) |
| Respondent. | : | |

_____

**MEMORANDUM**

Before the Court is Movant Anthony Ryans's ("Movant") "Motion for Vacation of Sentence Revocation Pursuant to 28 U.S.C. § 2244" (Doc. 384), which this Court construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons which follow, the motion will be denied.

BACKGROUND

On November 25, 2014, a Federal Grand Jury returned a three-count Indictment charging Movant and nine others with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. (PSR, ¶ 1.)

On July 28, 2015, pursuant to a written plea agreement, Movant pleaded guilty to Count 1 of the Indictment. (PSR, ¶ 2.) Relevant terms of the plea agreement include: (1) "[w]ith respect to the application of the sentencing guidelines, the parties agreed to recommend that the defendant was involved in the distribution of at least 200 but less than 300 grams of cocaine;" and (2) "[a]t the time of sentencing, the Government may make a recommendation that it considers appropriate based upon the nature and

1

circumstances of the case and the defendant's participation in the offense, and specifically reserved the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution." (PSR, ¶ 2.) The maximum sentence allowable in this case was twenty (20) years in prison. The Court accepted the plea of guilty and ordered a presentence investigation be completed.

At sentencing, Movant's counsel made arguments for a downward departure. (Doc. 330, Sentencing Tr. at 3-8.) The Government opposed Movant's motion and asked the Court "to impose a fair sentence under Section 3553(a)." (Doc. 330, Sentencing Tr. at 14-15, 18.) The Court granted a minor variance from the applicable guideline range of 37-46 months, and imposed a sentence of thirty (30) months. (Doc. 319, Judgment; Doc. 330 Sentencing Tr. at 20-21.)

On July 22, 2016, Movant filed "Petitioner's Motion for Vacation of Sentence Revocation Pursuant to 28 U.S.C. § 2244" (Doc. 384), which the Court construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The matter is ripe for disposition.

## DISCUSSION

Movant asserts that his sentence should be vacated based on ineffective assistance of counsel for four reasons: (1) defense counsel failed to finalize an agreement with the government and the district attorney at the time of sentencing; (2) the sentence was required by Federal Rule of Criminal Procedure 32(h); (3) defense counsel failed to complete negotiations with the Assistant United States Attorney and the Court; and (4) defense counsel failed to put this issue before the State Parole

Board to the extent that it was unreasonable. The government responds by arguing that foremost, there are not factual disputes that require an evidentiary hearing, as it is clear from the record that there is no reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

The Sixth Amendment right to counsel is the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To warrant reversal of a conviction, a prisoner must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. Id. at 687; Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008). The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong, as well as the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Vainer, 603 F.3d 189, 197 (3d Cir. 2010). Though Strickland's ineffectiveness inquiry contains both a performance and prejudice component, the Supreme Court has made clear that "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." Strickland, 466 U.S. at 697. "There is no reason for a court deciding an ineffective assistance claim ... even to address both components of the inquiry if the defendant makes an insufficient showing on one." Marshall v. Handpicks, 307 F.3d 36, 86-87 (3d Cir. 2002) (internal citation and quotation marks omitted.)

To prove deficient performance, a prisoner must show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688. The court will consider whether counsel's performance was reasonable under all of the circumstances. Id. The court's "scrutiny of counsel's performance must be highly

deferential." See id. at 689.  That is, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.  In raising an ineffective assistance of counsel claim, the petitioner "must first identify the acts or omissions of counsel that are allegedly not to have been the result of reasonable professional judgment." Id. at 690.  Next, the court must determine whether "in light of all the circumstances" those acts or omissions fall outside of the "wide range of professionally competent assistance." Id.

To prove prejudice, a convicted defendant must affirmatively prove that counsel's alleged errors "actually had an adverse effect on the defense." Strickland, 466 U.S. at 693.  The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

**A. Claim that defense counsel failed to finalize an agreement with the government and the district attorney at the time of the sentence**

The government expresses confusion as to this claim and states that the investigation in this case was a federal investigation that did not involve a district attorney.  The Court shares the same confusion.  Reading his filing liberally though, Movant may be alluding to his statements made in paragraphs two (2) and three (3): it was agreed upon that the recommended sentence would run concurrent with his state sentence and parole.  (Doc. 384.)

The Court finds no further factual allegations to support Movant's claim that his

counsel was ineffective in "finalizing an agreement" with the government and the district attorney. The pre-sentence report outlined what the non-binding, written plea agreement stated, in terms what the government would recommend at the time of sentencing, and there was no mention that a concurrent sentence would be recommended. (PSR, ¶ 2.) Furthermore, we agree with the government, who points out that this was a federal investigation that did not involve a district attorney.

**B. Claim that the sentence was required by Federal Rule of Criminal Procedure 32(h)**

> Rule 32(h) of the Federal Rules of Criminal Procedure states,
>
> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed.R.Crim.P. 32(h). The government argues that this claim is frivolous, as the Court did not depart from the applicable guidelines range of 37-46 months, but instead varied downward to the benefit of the defendant to a period of 30 months. We agree and find this claim frivolous.

**C. Claim that defense counsel failed to complete negotiations with the Assistant United States Attorney and the Court**

Movant claims that his counsel was ineffective for failing to complete negotiations with the Assistant United States Attorney and the Court, which led to a higher sentence than what Movant stipulated to and what the plea agreement recommended. The government points out that Movant's counsel could not be

ineffective in not undergoing negotiations with the Court, because under Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the Court is prohibited from participating in plea discussions. Additionally, in the plea agreement, the government reserved the right to recommend a sentence up to and including the maximum sentence of imprisonment, which in this case was twenty (20) years in prison. (PSR, ¶ 2.)

The Court agrees with the government that the Court does not and cannot participate in discussions between the government's attorney and the defendant's attorney involving a plea agreement. See Fed.R.Crim.P. 11(c)(1). Furthermore, the terms of the plea agreement were clear - the government reserved the right to recommend a sentence up to and including the maximum sentence of imprisonment. In fact, Movant's counsel made an argument for a downward departure at the time of sentencing. Although the Court did not grant the motion for a downward departure, the Court did vary downward from the guideline range.

**D. Claim that defense counsel failed to put this issue before the State Parole Board to the extent that it was unreasonable**

The government once again expresses its confusion with this claim, and the Court shares the same sentiment. This case did not involve the State Parole Board.

CONCLUSION

The Court finds that Movant has not made any showing that his counsel was ineffective. Movant made no showing that his counsel's performance was deficient or that he was prejudiced. The Court also finds that an evidentiary hearing is not needed as there are no factual disputes and the record is clear. Therefore, the Court will deny

Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.